IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STATE OF KANSAS, et al.,

      Plaintiffs,

v.                                             Case No.  24-4041-JWB

UNITED STATES DEPARTMENT OF EDUCATION, et al.,

      Defendants.

**ORDER**

This matter is before the court on the parties' joint motion to set briefing schedule and hearing  (Doc. 32) on Plaintiffs' motion for a stay/preliminary injunction. (Doc. 24.)  Plaintiffs seek an injunction forbidding the "Final Rule"—as that term is defined in the Complaint (Doc. 1 at ¶ 116)—from going into effect on August 1, 2024.  (Doc. 24 at 1.)  According to the complaint, the Final Rule makes major changes to the regulations pertaining to Title IX, including changing the definition of "sex" to include "gender identity," changing the standard for what constitutes sexual harassment, and changing the person to whom a school may be liable for discrimination. (Doc. 1 ¶ 117.)

The parties request the court set deadlines for briefing.  The requested briefing deadlines are granted.  Defendants are to file a response to the motion by 11:59 p.m. on June 13 and are limited to 55 pages.  Plaintiffs may file a reply brief by 11:59 a.m. June 19[1] and are limited to 35 pages.

---

[1] Although June 19 is a holiday, the parties have agreed to file a reply brief on this date.  Therefore, the brief is due on June 19.

The parties also have advised the court of their availability for a hearing on this matter in June. Although Plaintiffs request June 24, that date is unavailable due to a trial setting. Reviewing the remaining dates provided, the court sets this matter for hearing beginning at 9:00 a.m. on June 20, 2024, at the United States Courthouse, 401 N. Market Street, Wichita, Kansas, Room 238.

Further, the court directs counsel to confer with one another and file a joint status report on or before noon CDT June 7, 2024. The status report should inform the court about any issues, including standing, that would require evidence at the scheduled hearing. The parties may also advise the court if they anticipate that the hearing will be limited to oral argument and the time requested for argument. The joint status report should also identify who will serve as lead counsel for Plaintiffs and Defendants, and include or address the following: a brief summary of claims and defenses; the need for any discovery in this matter; any stipulations of fact; any stipulations regarding the presentation of evidence, including the extent to which the parties agree that the court may consider documents, declarations, affidavits, or other forms of written testimony in lieu of live witness testimony, at any stage of the proceedings; when the court may expect Defendants to file their answer(s) to the complaint; and otherwise identifying the key steps (along with the proposed sequence and, if possible, proposed dates) that the parties believe the court should take in ultimately resolving the claims and defenses in this case, including any additional motions, briefing, status conferences, scheduling conferences, and/or hearings that may be necessary for ultimate resolution of the case. In sum, the joint status report should be aimed at providing the court and the parties with a concise roadmap toward timely resolution of the claims presented in this case.

The court further sets this case for a case management conference on June 10, 2024, at 1:30 p.m., at which the court will discuss the joint status report with counsel for the parties, attempt to

resolve any disputes presented therein regarding case management and scheduling, and set any additional deadlines that may be appropriate. Counsel may appear for the conference in person at the Wichita Courthouse, Room 238, or by telephone. The parties and party representatives need not attend; however, lead counsel for each side must have the authority to make decisions regarding the need for, and scheduling of, any additional deadlines and events in the case. At or before the time the joint status report is filed, lead counsel for each side shall inform the court by email to chambers at KSD_Broomes_Chambers@ksd.uscourts.gov, regarding who will appear in person and who will appear by phone for the case management conference. To the extent the parties agree on the need for additional scheduling in this case, they may submit a proposed additional scheduling order to chambers email at any time prior to the case management conference.

The parties' joint motion for a scheduling order is GRANTED. Although Plaintiffs request a decision by July 1, the court declines to affirmatively indicate a date by which a decision will be issued. The court is aware of the time sensitive nature of the motion.

IT IS SO ORDERED. Dated this 30th day of May, 2024.

                __s/ John W. Broomes_____
                JOHN W. BROOMES
                UNITED STATES DISTRICT JUDGE