IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
TOPEKA DIVISION

| | |
|---|---|
| STATE OF KANSAS, *ET AL.*, § § *Plaintiffs*, § § v. § § UNITED STATES DEPARTMENT OF § EDUCATION, *ET AL.* § § *Defendants*. § § | Civil Action No. 5:24-cv-4041 |

## JOINT STATUS REPORT

Per the Court's order in ECF 33, the parties submit this joint status report:

1. The parties do not anticipate presenting any witnesses or evidence at the preliminary injunction hearing. The parties will rest on their briefs and any exhibits attached to them. The parties anticipate the hearing will be limited to oral argument. Each side requests one hour for argument. Plaintiffs would reserve 10 minutes of their time for any rebuttal.

2. Deputy Attorney General Abhishek Kambli will serve as lead counsel for the Plaintiffs. Trial Attorney Rebecca Kopplin will serve as lead counsel for the Defendants.

3. Summary of claims and defenses:

    a. Plaintiffs argue the Final Rule (Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 89 Fed. Reg. 33,474 (Apr. 29, 2024) is unlawful and should be preliminarily enjoined pending a decision on the merits because:

       i. It is contrary to statute. Specifically, it is contrary to (1) the plain text of Title IX, (2) 20 U.S.C. § 1688 (Title IX's abortion neutrality provision), and (3) the Religious Freedom and Restoration Act (RFRA). In addition, the Final Rule implicates the major questions doctrine and the Defendants cannot demonstrate Congress gave them clear authorization.

       ii. It is unconstitutional. Specifically, it violates (1) the First Amendment, (2) the Due Process Clause of the First, Fifth and Fourteenth Amendments, and (3) the Spending Clause.

       iii. It is arbitrary and capricious. Specifically, it (1) offers an implausible explanation for agency action, (2) it is a sharp departure from past agency action without reasonable explanation, and (3) Defendants did not adequately consider reliance interests.

       iv. The Plaintiffs satisfy the other factors for injunctive relief since (1) they would suffer irreparable harm and (2) the balance of equities and public interest favors the Plaintiffs.

       v. Finally, the injunctive relief should not be limited to the parties.

   b. Defendants disagree—the Final Rule is lawful and should go into effect as scheduled because:

       i. The Rule is consistent with 20 U.S.C. § 1688, RFRA, and Title IX. The Rule interpreted the text of Title IX in light of the Supreme Court's reasoning in *Bostock v. Clayton County*, 590 U.S. 64 (2020), and thus Congress clearly authorized the Rule.

       ii. The Rule is constitutional; it does not violate the First Amendment, the Due Process Clause of the Fifth and Fourteenth Amendments, or the Spending Clause.

       iii. The Rule is well reasoned and logical. The Department of Education sufficiently explained the reasons for the Rule, including changes it was making, and adequately considered reliance interests.

       iv. Injunctive relief is not warranted because Plaintiffs cannot establish irreparable harm and the balance of equities and public interests favors Defendants.

       v. Any injunctive relief should be limited to the parties and specific provisions in accordance with equitable principles and the APA.

4. There are no outstanding discovery issues. The parties stipulate to the admissibility of the declarations filed in conjunction with Plaintiffs' motion for a § 705 stay and preliminary injunction in lieu of calling witnesses at the hearing at that motion, although Defendants reserve the right to dispute the relevance, impact and credibility of statements contained in declarations.

5. The Defendants' current deadline to respond to the complaint is July 15, 2024. However, they reserve the right to request an extension if necessary.

6. The parties agree that discovery will not be necessary in this matter. This is a case for review of agency action where the record would typically be limited to the administrative record before the agency. The parties believe the following steps would be helpful once the Court rules on the preliminary injunction motion:

   a. The Department of Education will provide the administrative record regarding the Final Rule to the Plaintiffs.

   b. After the administrative record is turned over, the parties anticipate filing cross motions for summary judgment. The parties anticipate that this case could be resolved on those cross-motions.

7. The parties will reach out to the Court requesting another scheduling conference to discuss deadlines for the summary judgment motions after the preliminary injunction motion is resolved.

8. The parties note that there is litigation involving the Final Rule in at least 9 other cases.[1] The resolution of this matter beyond the preliminary injunction may be affected by how those other cases turn out. If there are any changes to this proposed schedule, the parties will reach out to the court immediately.

Respectfully submitted,

---

[1]  1. *Alabama v. Cardona*, 7:24-cv-533 (N.D. Ala.)
   2. *Louisiana v. Cardona*, 3:24-cv-563 (W.D. La.) and 3. *Rapides Parish School Board v. Cardona*, 1:24-cv-567 (W.D. a.) (consolidated)
   4. *Tennessee v. Cardona*, 2:24-cv-72 (E.D. Ky.)
   5. *Texas v. Cardona*, 2:24-cv-76 (N.D. Texas)
   6. *Arkansas v. Cardona*, 4:24-cv-636 (E.D. Mo.)
   7. *Oklahoma v. Dep't of Education*, 5:24-cv-459 (W.D. Okla.)
   8. *Oklahoma v. Cardona*, 5:24-cv-461 (W.D. Okla.)
   9. *Carroll Independent School District v. Dep't of Education*, 4:24-cv-461 (N.D. Tex.)

3

KRIS W. KOBACH
Kansas Attorney General

*/s/Abhishek S. Kambli*
Abhishek S. Kambli, 29788
*Deputy Attorney General*
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612
Telephone: (785) 296-2215
Fax: (785) 296-3131
abhishek.kambli@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

EMILY B. NESTLER
Assistant Branch Director

*/s/ Rebecca Kopplin*
REBECCA KOPPLIN
Cal. Bar 313970
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 514-3953
Email: rebecca.m.kopplin@usdoj.gov

*Counsel for the Defendants*