IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
TOPEKA DIVISION

| | | |
|---|---|---|
| STATE OF KANSAS, *ET AL.*, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| UNITED STATES DEPARTMENT OF | § | Civil Action No. 5:24-cv—4041-JWB- |
| EDUCATION, *ET AL.* | § | ADM |
| | § | |
| *Defendants.* | § | |

## SUPPLEMENTAL IN SUPPORT OF PLANTIFFS' MOTION FOR A STAY/PRELIMINARY INJUNCTION

### INTRODUCTION

On June 20, 2024, the court provided the parties an opportunity to supplement their briefing to further address the scope of injunctive relief.  In support therefore, Plaintiffs submit the following.

### ARGUMENT

"Unlike judicial review of statutes, in which courts enter judgments and decrees only against litigants, the APA goes further by empowering the judiciary to act directly against the challenged agency action." *Griffin v. HM Fla.-ORL, LLC*, 144 S. Ct. 1, 2 n.1 (2023) (Kavanaugh, J., statement respecting the denial of application) (quoting Jonathan F. Mitchell, *The Writ-of-Erasure Fallacy*, 104 Va. L. Rev. 933, 1012 (2018)). Whenever a reviewing court finds agency action to be unlawful, the APA instructs the court to "hold unlawful and set aside" the "agency action." 5 U.S.C. § 706. This remedy is usually referred to as "vacating" the challenged agency action. *Harmon v. Thornburgh*, 878 F.2d 484, 495 n.21 (D.C. Cir. 1989) ("When a reviewing court determines that agency regulations are unlawful, the ordinary result is that the rules are vacated—not that their application to the individual petitioners is proscribed.").

As the Fifth Circuit recently explained, relief under the APA is not "party-restricted." *Career Colls. & Schs. of Tex. v. U.S. Dep't of Educ.*, 98 F.4th 220, 255 (5th Cir. 2024). In a sense, vacating agency action results in relief that extends nationwide, but that is because "the disapproved agency action is treated as though it had never happened." *Griffin*, 144 S. Ct. at 2 n.1 (quoting Michell, *supra*, at 1012–13). At least one court of appeals has recognized that this is "compelled by the text of the [APA]." *Earth Island Inst. v. Ruthenbeck*, 490 F.3d 687, 699 (9th Cir. 2007), *aff'd in part, rev'd in part sub nom. Summers v. Earth Island Inst.*, 555 U.S. 488 (2009). "Once the rule is vacated, there is no rule to enforce; '[v]acatur obliterates the agency decision.'" Mila Sohoni, *The Power to Vacate A Rule*, 88 Geo. Wash. L. Rev. 1121, 1131 (2020) (citations omitted).

Here, the agency action is the Final Rule, and Plaintiffs will ask the Court to hold the Final Rule unlawful and set it aside at the conclusion of this litigation. *See* Compl., Prayer for Relief. In the meantime, the APA authorizes this Court "to postpone the effective date of [the] agency action or to preserve status or rights pending conclusion of the review proceedings." 5 U.S.C. § 705. This temporary relief is often referred to as "staying the effectiveness of" the agency action. *Winkler v. Andrus*, 614 F.2d 707, 709 (10th Cir. 1980). Whether to grant a stay under section 705 is guided by the same factors considered for a preliminary injunction, *see State v. EPA*, 989 F.3d 874, 883 (10th Cir. 2021), but a section 705 order is different from a preliminary injunction. Like a final judgment holding agency action unlawful and setting it aside under 5 U.S.C. § 706, an interlocutory order delaying its effective date runs to the agency action itself, not to specific parties. *See Career Colleges & Sch. of Tex.*, 98 F.4th at 255 (holding that "the scope of preliminary relief under Section 705 aligns with the scope of ultimate relief under Section 706, which is not party-restricted and allows a court to 'set aside' an unlawful agency action").

Defendants claim the Court should limit any relief to Plaintiffs based on "traditional equitable principles." (Resp. at 49). But this is wrong for two reasons. *First*, contrary to the Government's claim, this type of relief is consistent with traditional principles and well-supported by pre-APA practice. *See Sohoni*, *supra*, at 1142–54 (surveying pre-APA cases, including Supreme Court cases). *Second*, and in any event, we live in a post-APA world. And temporary

relief under section 705 is a unique form of statutory relief. The court is constrained by the APA's statutory text, not by pre-APA concerns on equitable limits. *See Career Colleges & Sch. of Tex.*, 98 F.4th at 255; *Earth Island Inst.*, 490 F.3d at 699. Now, Congress has spoken and empowered courts with particular remedies to limit agency action. Mitchell, *supra*, at 1012-13. To be sure, a statute must comply with Article III's limitations on the scope of the judicial power, but Defendants do not even try to argue that the APA itself violates Article III. Nor could it, given the well-established history of nationwide vacatur under pre-APA cases.

Even if section 705 of the APA allowed the Court to delay the Rule's effective date as to only some parties, doing so would not fully remedy Plaintiffs' injuries here. The Plaintiff organizations have members spread across the country, including members outside the Plaintiff States. Dec. of Madison Hahn at ¶ 5 (YAF "has members in all fifty states); Dkt. 25 Ex. 4 ¶¶ 25–26 (identifying various states with FAU members); Dkt. 43 Ex. 7 at ¶¶ 4-9 (identifying FAU members in Washington). Even under Defendants' view (Resp. at 49), an order must be broad enough "to provide complete relief to the plaintiffs." *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979). And limiting relief would not possibly be practical, workable, or address Plaintffs' injuries. For example, FAU members play sports at different schools and use facilities, like locker rooms and restrooms, around the county. Dkt. 43 Ex. 7 at ¶¶ 10-25. For some, these locations change year by year. *Id*. So they need relief as to each facility across the country to ensure they will not suffer the loss of privacy, free speech, and fairness in sports at these facilities. Under these circumstances, the targeted form of relief is to delay the Rule's effective date entirely under section 705, not to try to craft an injunction benefiting only particular individuals or States. Such an injunction would be more burdensome, not less.

If the court prefers to frame the relief through an injunction rather than a stay, a preliminary injunction limited to the plaintiff states isn't workable for similar reasons. As noted above, Plaintiffs include national groups with members in all 50 states. *See* Decl. of Madison Hahn at ¶ 5 (YAF "has members in all fifty states); id. ("The vast majority of Young America's Foundation's members and chapter organizations are outside the states of Kansas, Alaska, Utah,

and Wyoming."); Decl. of Tiffany Justice at ¶ 5 ("Moms for Liberty has chapters across the country. ..."). Associational standing provides that an organization Plaintiffs Moms for Liberty and Young America's Foundation "may have standing solely as the representative of its members" when those individual members are harmed. *Warth v. Seldin*, 422 U.S. 490, 511, 515 (1975) (citing *Sierra Club v. Morton*, 405 U.S. 727, 734-1 (1972)). The Supreme Court observed that declaratory and injunctive relief "*if granted, will inure to the benefit of those members of the association actually injured.*" *Id.* at 515 (emphasis added). Similarly, the Tenth Circuit has stated that while a plaintiff "must prove facts conferring standing with respect to at least one of its members," the case "otherwise . . . *presents issues of law common to all members.*" *NCAA v. Califano*, 622 F.2d 1382, 1392 (10th Cir. 1980) (emphasis added) (citation omitted). An injunction that is limited in scope is unworkable because the schools can't know which students are members of YAF or Moms for Liberty. *See Easyriders Freedom F.I.G.H.T v. Hannigan*, 92 F.3d 1486, 1502 (9th Cir. 1996) (enjoining California helmet law for "all motorcyclists," not just membership association because enforcement officials would have no way of knowing who was a member).

A nationwide injunction is necessary to provide Plaintiffs "complete relief," *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979). An injunction that covers all of the associations' members across the nation is consistent with how district courts have tailored injunctions in cases featuring association plaintiffs. *See Am. Coll. of Obstetricians & Gynecologists v. FDA*, 506 F. Supp. 3d 328, 349 (D. Md. 2020) (confirming nationwide scope of injunction and stating, "the scope of the injunction is primarily based not on any abstract principle favoring nationwide injunctions, but on the actual geographic and professional breadth of the members of the plaintiff organizations, who are located in all 50 states and include more than 90 percent of the obstetrician/gynecologists in the United States"); *Franciscan All., Inc. v. Burwell*, 227 F. Supp. 3d 660, 695 & n. 37 (N.D. Tex. 2016) (granting nationwide injunction where agency membership of plaintiff association "extends across the country" and "in all [the] states"); *Nat'l Fed'n of Indep. Bus. v. Perez*, 2016 U.S. Dist. LEXIS 89694, at *128-29 (N.D. Tex. June 27, 2016) (granting nationwide injunction where facial challenge to regulation under APA likely to succeed and association

plaintiff was "a nationwide organization which has members in all 50 states"); *see also Catholic Benefits Ass'n LCA v. Sebelius*, 24 F. Supp. 3d 1094, 1107 (W.D. Okla. 2014) (enjoining application and enforcement of agency rule against all members of plaintiff association that qualified for accommodation or exemption from rule).  Granting an injunction protecting the associational members in all fifty states is also consistent with the principle that a nationwide injunction is compelled by the APA upon a finding that the agency has acted in an unlawful manner. *See Cloud Peak Energy, Inc. v. Dep't of Interior*, 415 F. Supp. 3d 1034, 1053 & n.8 (D. Wyo. 2019) (granting nationwide preliminary injunction against agency rule and citing *Nat'l Mining Ass'n v. U.S. Army Corps of Eng'rs*, 145 F.3d 1399, 1409-10 (D.C. Cir. 1998), and *Earth Island Inst. v. Ruthenbeck*, 490 F.3d 687, 699 (9th Cir. 2007), *rev'd on other grounds*, 555 U.S. 488 (2009))[1], *Wyo. v. Dep't of Interior*, 136 F. Supp. 3d 1317, 1354 & n.52 (D. Wyo. 2015) (same). If relief extended only to members who consented to be named, then it would obviate the point of suing as an association.

While Plaintiffs appreciate the Court's concern over an injunction that goes too far by protecting the rights of non-parties, the membership groups are parties, and their members are facing an indisputable injury from the Final Rule. Furthermore, in the First Amendment context, courts already account for "the interest in preventing an invalid statute from inhibiting the speech of third parties who are not before the Court." *Members of City Council v. Taxpayers for Vincent*, 466 U.S. 789, 800 (1984). This further suggests that a nationwide injunction is appropriate.

<u>CONCLUSION</u>

For the reasons stated above, the court should grant a stay or injunction that applies nationwide.

---

[1] The National Mining Association was a plaintiff in *Cloud Peak Energy, Inc.*

Respectfully submitted this 20th of June, 2024.

KRIS W. KOBACH
**Attorney General of Kansas**

*/s/ Abhishek S. Kambli*
Abhishek S. Kambli, 29788
Deputy Attorney General
Erin B. Gaide, 29691
Assistant Attorney General
Jay Rodriguez, 29172
Assistant Attorney General
Memorial Building, 2nd Floor
120 SW 10th Avenue
Topeka, Kansas 66612-1597
Phone: (785) 296-7109
Fax: (785) 291-3767
Email: abhishek.kambli@ag.ks.gov
       erin.gaide@ag.ks.gov
       jay.rodriguez@ag.ks.gov

TREG TAYLOR
**Attorney General of Alaska**

*/s/ Cori Mills*
Cori Mills*
Deputy Attorney General
ALASKA DEPARTMENT OF LAW
1031 West 4th Avenue, Suite 200
Anchorage, Alaska 99501-1994
(907) 465-4239
(515) 281-4209 (fax)
cori.mills@alaska.gov

**Counsel for Plaintiff State of Alaska**

SEAN REYES
**Attorney General of Utah**

*/s/ Lance F. Sorenson*
Lance F. Sorenson*
Assistant Utah Attorney General
UTAH ATTORNEY GENERAL
160 East 300 South, 5th Floor
Salt Lake City, Utah 84114
(801) 366-0100
lancesorenson@agutah.gov

**Counsel for Plaintiff State of Utah**

BRIDGET HILL
Attorney General of Wyoming

/s/ Ryan Schelhaas
Ryan Schelhaas*
Chief Deputy Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
(307) 777-5786 Direct line
(307) 777-6869 Fax
ryan.schelhaas@wyo.gov

**Counsel for Plaintiff State of Wyoming**

/s/ William E. Trachman
William E. Trachman**
James L. Kerwin*
MOUNTAIN STATES LEGAL
FOUNDATION
2596 South Lewis Way
Lakewood, CO 80227
Phone: (303) 292-2021
wtrachman@mslegal.org
jkerwin@mslegal.org
Counsel for Plaintiffs Moms for Liberty and
Young America's Foundation

/s/ Braden H. Boucek
Kimberly S. Hermann*
Ga. Bar No. 646473
Braden H. Boucek*
Tenn. BPR No. 021399
Ga. Bar No. 396831
Jordan Miller*
Counsel for Plaintiffs Moms for Liberty and
Young America's Foundation

Michigan Bar. No. P81467
SOUTHEASTERN LEGAL FOUNDATION
560 W. Crossville Road, Suite 104
Roswell, GA 30075
Tel.: (770) 977-2131
khermann@southeasternlegal.org
bboucek@southeasternlegal.org
jmiller@southeasternlegal.org

/s/ Tyson C. Langhofer
Tyson C. Langhofer
Kansas Bar No. 19241

Rachel A. Rouleau*
Virginia Bar No. 97783
Alliance Defending Freedom
44180 Riverside Parkway
Lansdowne, Virginia 20176
(571) 707-2119
(571) 707-4790 Fax
tlanghofer@ADFlegal.org
rrouleau@ADFlegal.org

Jonathan A. Scruggs*
Arizona Bar No. 030505
Henry W. Frampton, IV*
South Carolina Bar No. 75314
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020
(480) 444-0028 Fax
jscruggs@ADFlegal.org
hframpton@ADFlegal.org

Natalie D. Thompson*
TX Bar No. 24088529
Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
(202) 347-3622 Fax
nthompson@ADFlegal.org

Counsel for Plaintiffs K.R. and FAU

* Pro Hac Vice
* Pro Hac Vice Forthcoming

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on this the 20th day of June, 2024, this memorandum was electronically filed with the Clerk of the Court by using the CM/ECF system with electronic service to all counsel.

<u>*/s/ Abhishek S. Kambli*</u>

Abhishek S. Kambli