IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
TOPEKA DIVISION

| | |
|---|---|
| STATE OF KANSAS, *ET AL.*, | § § § |
| *Plaintiffs*, | § § |
| v. | § § Civil Action No. 24-4041-JWB |
| UNITED STATES DEPARTMENT OF EDUCATION, *ET AL.* | § § § § |
| *Defendants*. | § |

**PLAINTIFF MOMS FOR LIBERTY'S MOTION TO REVISE STAY/PRELIMINARY INJUNCTION ORDER**

Moms for Liberty moves the Court to revise its stay/preliminary injunction order so as to enjoin Defendants from enforcing the Final Rule against any K-12 school in any county in which the child of a member of Moms for Liberty resides.[1]

**BACKGROUND**

On July 2, 2024, the Court granted Plaintiffs' motion for a stay/preliminary injunction of the Final Rule. In determining the scope of its order, the Court enjoined Defendants from enforcing the Final Rule within the four plaintiff states and "at any school attended by a member of Young America's Foundation or Female Athletes United, as well as any school attended by a minor child or a member of Moms for Liberty." Slip Op. at 45. To effectuate this order, the Court directed these organizations, including Moms for Liberty, to file a notice "identifying the schools which their member or their members' children, as applicable, attend." *Id.* at 47.

---

[1] Counsel has conferred and defense counsel indicates that Defendants intend to oppose this motion and will file a response by Sunday, July 14.

Plaintiff Moms for Liberty is a national organization with over 130,000 members. Decl. of Tiffany Justice (Ex. A) at ¶ 5. When an individual joins Moms for Liberty, the new member is not asked in which school(s) their child/children are enrolled. *Id.* at ¶ 6. Rather, Moms for Liberty records the location of their members based on the county in which a member resides. *Id.* at ¶ 7. Congruent with this method of recording member location, Moms for Liberty has approximately 300 county chapters. *Id.* Moms for Liberty uses this method of recording its membership in part in response to member privacy and security concerns. *Id.* at ¶ 9. Evident of this concern, members of Moms for Liberty have been the target of doxing campaigns. *Id.* at ¶ 13. Further, when some members of the public have learned the identities of the children of Moms for Liberty members, they have posted information and pictures of the children online. *Id.* Thus, in addition to not possessing the school-specific list requested by the court, Moms for Liberty is concerned that the public dissemination of such a list, either through a court filing or by the Department of Education, would jeopardize the privacy and safety of its members and their children. *See id.* at ¶ 9-16. Finally, obtaining a complete and accurate list of schools attended by children of 130,000 members—a number that well exceeds 130,000 schools where many members have multiple children in different schools—is likely an impossible task and a task that presents an immeasurable administrative and time burden on Moms for Liberty. *See id.* at ¶ 8.

## STANDARD

"A "district court has inherent power to modify . . . a preliminary injunction." *Basic Rsch., L.L.C. v. Cytodyne Techs., Inc.*, Case No. 2:99-CV-343K, 2000 U.S. Dist. LEXIS 23454, at *34 (D. Utah Dec. 20, 2000) (citing *Sierra Club v. U.S. Army Corp of Eng'gs*, 732 F.2d 253, 256 (2d Cir. 1984)); *see also Dombrowski v. Pfister*, 380 U.S. 479, 492 (1965) ("[D]istrict courts retain power to modify

2

injunctions in light of changed circumstances."). A district court may modify its preliminary injunction based on changed circumstances or in instances where revision is "equitable in light of subsequent changes in the facts or law *or for any other good reason.*" *Id.* (emphasis added) (quoting *Movie Sys. Inc. v. MAD Minneapolis Distrib.*, 717 F.2d 427, 430 (9th Cir. 1983)).

## ARGUMENT

At the time this Court directed Moms for Liberty to disclose a list of schools attended by its members children, the district court did not have before it the benefit of a record on how Moms for Liberty tracks its membership or on the threats, harassment, and privacy invasions experienced by the member of Moms for Liberty and their children. Nor did Moms for Liberty have reason to place this evidence before the district court because Plaintiffs had argued for a nationwide stay/preliminary injunction based on this Court's authority under 5 U.S.C. § 705. *See, e.g., Tennessee v. Becerra*, Case No. 1:24-cv-161-LG-BWR, --- F. Supp. 3d ----, 2024 U.S. Dist. LEXIS 119525, at *36 (S.D. Miss. July 3, 2024) ("'Nothing in the text of Section 705, nor of Section 706, suggests that . . . preliminary . . . relief under the APA needs to be limited to' the plaintiff. 'Instead, the scope of preliminary relief under Section 705 aligns with the scope of ultimate relief under Section 706, which is not party-restricted and allows a court to "set aside" an unlawful agency action' . . . . When a reviewing court determines that agency regulations are unlawful, the ordinary result is that the rules are vacated – not that their application to the individual petitioners is proscribed." (quoting *Career Coll. & Schs. Of Tex. v. Dep't of Educ.*, 98 F.4th 220, 255 (5th Cir. 2024))). Meanwhile, Defendants argued for a stay/preliminary injunction applicable to only the four plaintiff states. The Court adopted a thoughtful middle-ground approach. In doing so, though, it introduced a scope of relief on which Moms for Liberty had no cause to present the evidence that accompanies this motion.

3

Based on the newly presented evidence, including the impracticality of Moms for Liberty obtaining the names of the elementary, middle, and high schools attended by the children of all its 130,000 members, Moms for Liberty urges the Court to revise its directive that Moms for Liberty submit a list of schools. Instead, Moms for Liberty asks the Court to permit it to submit a list of counties in which its members reside. This approach ensures that all members of Moms for Liberty receive relief under the Court's preliminary order while also respecting the Court's guiding principle that granting the total relief sought by Plaintiffs, in the form of a nationwide injunction, is disfavored and would place an improper burden on Defendants. *See* Slip Op. at 40-44. Furthermore, imposing a county-based injunction for K-12 schools draws the enjoinment line far closer to the level of local government that would be forced to enact policies in accord with the Final Rule. School districts, rather than individual schools, typically have the authority to adopt such policies. Further, absent modification of the order, school districts may be forced to adopt patchwork policies. This is because, for example, Defendants would have the ability to enforce the Final Rule, within a single school district, as to a high school that no child of a member of Moms for Liberty attends but could not do to a middle school, situated directly next to the high school, at which a child of a member of Moms for Liberty dose attend.

## CONCLUSION

WHEREFORE, Plaintiff Moms for Liberty moves this Court to modify its order granting Plaintiffs motion for stay/preliminary injunction to enjoin Defendants from enforcing the Final Rule against any K-12 school in any county in which the child of a member of Moms for Liberty resides.[2]

---

[2] In the event the Court grants this motion, so as to meet the Court's July 15, 2024, deadline, Moms for Liberty includes with this motion a list of counties in which its members and the children of its members reside, submitted as Exhibit B.

4

Respectfully submitted this 12th day of July, 2024.

        KRIS W. KOBACH
        Attorney General of Kansas

        /s/ *Erin B. Gaide*
        Abhishek S. Kambli
        Deputy Attorney General
        Erin B. Gaide
        Assistant Attorney General
        Jay Rodriguez
        Assistant Attorney General
        Memorial Building, 2nd Floor
        120 SW 10th Avenue
        Topeka, Kansas 66612-1597
        Phone: (785) 296-7109
        Fax: (785) 291-3767
        Email: abhishek.kambli@ag.ks.gov
                erin.gaide@ag.ks.gov
                jay.rodriguez@ag.ks.gov

        /s/ *Jordan R. Miller*
        Kimberly S. Hermann*
        Ga. Bar No. 646473
        Braden H. Boucek*
        Tenn. BPR No. 021399
        Ga. Bar No. 396831
        Jordan R. Miller*
        Michigan Bar No. P81467
        SOUTHEASTERN LEGAL FOUNDATION
        560 W. Crossville Road, Suite 104
        Roswell, GA 30075
        Tel: (770) 977-2131
        khermann@southeasternlegal.org
        bboucek@southeasternlegal.org
        jmiller@southeasternlegal.org

        *Counsel for Plaintiffs Moms for Liberty*

        *Pro Hac Vice

## CERTIFICATE OF SERVICE

This is to certify that on this the 12th day of July, 2024, this motion was electronically filed with the Clerk of the Court by using the CM/ECF system with electronic service to all counsel.

/s/ *Erin B. Gaide*
Erin B. Gaide
