IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STATE OF KANSAS *et al.*,

    *Plaintiffs*,

v.

UNITED STATES DEPARTMENT OF
EDUCATION *et al.*,

    *Defendants*.

No. 24-4041-JWB

**JOINT STATUS REPORT PROPOSING
SCHEDULE FOR FURTHER PROCEEDINGS**

    The parties indicated in their joint status report of June 7, 2024 that they would reach out to the Court concerning a schedule for further proceedings after the resolution of the preliminary injunction motion. JSR ¶ 7, ECF No. 36. Accordingly, the parties submit the following proposals for further proceedings in this case, and stand ready to convene if a scheduling conference would assist the Court.

    The parties previously agreed that discovery would not be necessary in this matter and that "[t]his is a case for review of agency action where the record would typically be limited to the administrative record before the agency," and then should be resolved through dispositive motions. JSR ¶ 6. *See Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579-80 (10th Cir. 1994) (explaining that judicial review of agency action under the APA should not "rely on evidence outside the administrative record").[1] The parties' proposals reflect that mutual understanding.

---

[1] The parties had previously referred to filing "cross motions for summary judgment," JSR ¶ 6(b), by which they intended to convey that they would file dispositive briefs and that the case could be resolved on those briefs (rather than, for example, after a jury or bench trial). The parties can readily style their contemplated dispositive motions in a different way if the Court prefers. *See generally Olenhouse*, 42 F.3d at 1580 (noting that a district court reviewing agency action under the APA is positioned as an appellate court); *see also* Rules of Practice 83.7.1(d) (stating that in review of administrative proceedings "[t]he case is submitted when all briefs have been filed. The court will render a decision upon the briefs and the record, without oral argument, unless the court otherwise directs").

I.	**Plaintiffs' Proposal**

Plaintiffs agree with Defendants that the case can be resolved without discovery and can proceed straight to final judgment. Plaintiffs however do not believe any portion of the administrative record is necessary for the court to resolve the case, especially its opening brief. Defendants cannot point to (and Plaintiffs are not aware of any) authority that requires them to wait for the administrative record to resolve the case. Nor is it necessary in this case as Plaintiffs are challenging the Final Rule on its face as unlawful. Plaintiffs want this case resolved expeditiously and a preliminary injunction alone does not suffice. Plaintiffs still have to monitor the membership of the organizations in the case and keep the court apprised of which schools Defendants will be enjoined in enforcing it in. Plaintiffs will be seeking vacatur as remedy in final judgment and if the court were to grant that, this burden would be relieved.

The court in *Tennessee v. Cardona*, 2:24-cv-72 (E.D. Ky.) did not believe the full administrative record was necessary in resolving the matter and allowed briefing to proceed even before the partial administrative record was available on August 16, 2024. Ex. A. This court should proceed on a similar basis and adopt the briefing schedule below. The Plaintiffs also disagree with Defendants that lengthy response periods are necessary in this case. This is not a fact intensive disposition and the standard response time for a case dispositive motion under Local Rule 8.1(d)(1) is appropriate in this matter. This is especially true in light of the thorough briefing on the merits in the preliminary injunction phase. The plaintiffs propose the following schedule.

- August 13, 2024 – Plaintiffs Motion for Dispositive Judgment
- September 3, 2024 – Defendants Response to Plaintiffs' Motion for Dispositive Judgement/Cross Motion for Dispositive Judgment
- September 13, 2024 – Plaintiffs Response to Defendants' Motion for Dispositive

Judgment/Reply in Support of Dispositive Judgment

- September 27, 2024 – Defendants' Reply in Support of Cross Motion for Dispositive Judgment

## II.    **Defendants' Proposal**

As more fully explained in the accompanying declaration, the Department of Education expects that it can produce the administrative record at the earliest by September 20, 2024.[2] Ex. B. The parties do not disagree about the date on which the AR should be produced.

Defendants propose a schedule for dispositive motions that will permit at least Defendants to file their opening brief after the full administrative record is available. (Defendants understand that Plaintiffs do not believe that the administrative record will be necessary for their opening brief.)

Defendants have good reason to rely on the administrative record in preparing their dispositive motions here. Plaintiffs bring challenges to agency action under the Administrative Procedure Act (APA), including *inter alia* that the challenged rule is "arbitrary and capricious" because the Department failed to consider certain aspects of the issues at hand. *See* Compl. ¶¶ 402-22. In reviewing such claims, "the court shall review the whole record or those parts of it cited by a party." 5 U.S.C. § 706. "The district court may not rely on counsel's statements as to what was in the record; the district court itself must examine the administrative record and itself must find and identify facts that support the agency's action." *Olenhouse*, 42 F.3d at 1576. Accordingly, the court's analysis would be benefited by having the full administrative record available. Reflecting this, the parties prior JSR noted that the parties would file briefs "[a]fter the administrative record is turned over." JSR ¶ 6(b).

---

[2] The Department's estimated September 20, 2024 date for completing the AR is based on the size of the expected record and the staff and resources available. Krejci Decl. ¶ 14. The Department has already conducted an extensive review of decision makers' and others' files and has identified approximately 700,000 documents that may be appropriate to include in the administrative record. *Id.* ¶ 7. Despite resource constraints, the Department has assigned the maximum possible number of staff to review these documents—15 attorneys—and even then, staff time must necessarily be split between administrative record compilation and other priorities, including the ten lawsuits challenging the Final Rule. *Id.* ¶ 10–11. Furthermore, once those documents have been reviewed, they must be certified for completeness (another layer of review with potential additional searches), and processed for production (i.e., bates numbering, indexing). *Id.* ¶¶ 12–13.

Accordingly, Defendants propose the following modest changes to Plaintiffs' proposed schedule to permit Defendants to file their opening brief after the full AR is expected to be available:

- August 26 – Plaintiffs file their dispositive motion;
- September 26 – Defendants file their combined dispositive motion and opposition to Plaintiffs' dispositive motion;
- October 10 – Plaintiffs file their combined reply supporting their dispositive motion and opposition to Defendants' dispositive motion;
- October 24 – Defendants file their reply supporting their dispositive motion.

Although this schedule is somewhat longer than Plaintiffs' proposal, given that Plaintiffs have received preliminary injunctive relief, they would not be harmed by a small delay of several weeks.

This proposed schedule is similar to that entered in other courts where plaintiffs have received a preliminary injunction in a challenge to the Rule, where those courts anticipate motions for summary judgment following the availability of the full administrative record in September. *See* Scheduling Order, *Louisiana v. Dep't of Education* (W.D. La.), ECF No. 74 (ordering production of the administrative record by September 20, 2024, with the parties to propose a briefing schedule thereafter); Order, *Texas v. United States* (N.D. Tex.), ECF No. 60 (same). While a district court in Tennessee recently entered a more abbreviated schedule—apparently with the understanding that the full administrative record would not be available but that the parties could refer to "portions of the record" in their filing, Mem. Op. & Order, *Tennessee v. Cardona* (E.D. Ky.), ECF No. 121—Defendants disagree that such an accelerated schedule is appropriate, particularly in light of the fact that any alleged harm to Plaintiffs' remains obviated by the preliminary injunction in place.

In conjunction with this schedule, Defendants propose that their deadline to respond to the complaint be extended until the same day as their deadline for filing a dispositive motion, at which point they plan to file a combined dispositive motion, which incorporates both their arguments based on the administrative record and any legal arguments that could otherwise have been presented through a motion to dismiss. Defendants understand that Plaintiffs do not oppose Defendants combining their response to the complaint with their dispositive motion.

4

Dated: August 2, 2024

Respectfully submitted,

KRIS W. KOBACH
Kansas Attorney General

*/s/Abhishek S. Kambli*
Abhishek S. Kambli, 29788
*Deputy Attorney General*
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612
Telephone: (785) 296-2215
Fax: (785) 296-3131
abhishek.kambli@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

EMILY B. NESTLER
Assistant Branch Director

/s/ *Rebecca Kopplin*
REBECCA KOPPLIN
Cal. Bar 313970
ELIZABETH TULIS
BENJAMIN TAKEMOTO
HANNAH SOLOMON-STRAUSS
PARDIS GHEIBI
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: 202-514-3953
Email: Rebecca.M.Kopplin@usdoj.gov

*Counsel for Defendants*