IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STATE OF KANSAS, et al.,

      Plaintiffs,

v.                                                               Case No. 24-4041-JWB

UNITED STATES DEPARTMENT OF EDUCATION, et al.,

      Defendants.

**ORDER TO SHOW CAUSE**

Plaintiffs, including the State of Kansas, seek an order from the court vacating the Final Rule titled Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 89 Fed. Reg. 33474, 33477 (Apr. 29, 2024). (Doc. 1.) The Final Rule was to go into effect on August 1, 2024.

On July 2, 2024, this court granted Plaintiffs' motion for a preliminary injunction and enjoined Defendants from implementing, enacting, enforcing, or taking any action to enforce the Final Rule promulgated by the Department of Education against the named Plaintiffs and individual members of Plaintiff Organizations. (Docs. 53, 54.) Defendants appealed that order. (Doc. 58.) The parties then filed cross motions for summary judgment which remain pending. (Docs. 78, 89.) During the pendency of the appeal, the administration changed. On February 4, 2025, Defendant Department of Education issued a Dear Colleague letter in which it informed institutions that the United States Department of Education's (ED) Office for Civil Rights (OCR) would enforce Title IX under the provisions of the 2020 Title IX Rule, rather than the 2024 Title IX Rule at issue in this case. This change was due to an Executive Order issued by President

1

2

Donald Trump on January 9, 2025, and a decision in *Tennessee v. Cardona*, No. 24-0072-DCR, 2025 WL 63795, at *6 (E.D. Ky. Jan. 9, 2025), which vacated the Final Rule.

      Notably, Defendants then dismissed the appeal taken to the Tenth Circuit in this case and have also declined to appeal the decision in the Eastern District of Kentucky. Because it is clear that the Department of Education no longer seeks to enforce the Final Rule and that Rule was vacated, it appears that there is no longer a live controversy in this case. Therefore, the parties are to show cause why this action should not be dismissed as moot or, at a minimum, why the pending motions should not be denied without prejudice to refiling. The parties' responses to this order are due on or before March 26, 2025.

IT IS SO ORDERED. Dated this 21st day of March, 2025.

                                                                                   s/ John W. Broomes
                                                                                     JOHN W. BROOMES
                                                                                     UNITED STATES DISTRICT JUDGE