IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
TOPEKA DIVISION

| | |
|---|---|
| STATE OF KANSAS, *ET AL.*, § | |
| § | |
| *Plaintiffs*, § | |
| § | |
| v. § | Civil Action No. 24-4041-JWB |
| § | |
| UNITED STATES DEPARTMENT OF § | |
| EDUCATION, *ET AL.* § | |
| § | |
| *Defendants.* § | |

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE**

**INTRODUCTION**

Plaintiffs respectfully respond to the Court's March 21, 2025, order, and urge the Court to rule on the pending motions for summary judgment. This case is not moot owing to the three events highlighted in this Court's order. *See* Order to Show Cause, ECF No. 106 (referencing (1) a ruling by a district court in Kentucky vacating the Final Rule; (2) a Dear Colleague Letter issued by Defendant Department of Education (DOE); and (3) a stipulation of dismissal of Defendants' appeal from this Court's order granting a preliminary injunction). Mootness is a "formidable burden" and these events do not satisfy it, *FBI v. Fikre*, 601 U.S. 234, 241 (2024) (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000)). Plaintiffs respectfully suggest that this case should not be dismissed and request that the Court proceed with deciding the pending summary-judgment motions.

**LEGAL STANDARD**

The mootness standard considers whether "it is impossible for a court to grant *any effectual relief whatever* to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (emphasis added) (quoting *Knox v. SEIU, Loc. 100*, 567 U.S. 298, 307 (2012)). Just last term, the Supreme Court reiterated that its "precedents hold, a defendant's 'voluntary cessation of a challenged practice' will moot a case only if the defendant can

show that the practice cannot 'reasonably be expected to recur.'" *Fikre*, 601 U.S. at 241 (quoting *Friends of the Earth, Inc.*, 528 U.S. at 189; citing *United States v. W. T. Grant Co.*, 345 U.S. 629, 632–33 (1953)). Defendants face a "formidable burden" to demonstrate that their voluntary conduct during litigation moots a case. *Id.* (quoting *Friends of the Earth, Inc.*, 528 U.S. at 190). "Were the rule more forgiving, a defendant might suspend its challenged conduct after being sued, win dismissal, and later pick up where it left off; it might even repeat 'this cycle' as necessary until it achieves all of its allegedly 'unlawful ends.'" *Id.* (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). As such, "[i]t is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982).

Even more recently, the Supreme Court reaffirmed that when, as here, plaintiffs "seek[] only injunctive relief, voluntary cessation of the challenged conduct does not moot an action 'unless it is *absolutely clear* that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Lackey v. Stinnie*, 145 S. Ct. 659, 669 (2025) (emphasis added) (quoting *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 608 (2001)). Even cessation of challenged conduct for five years during litigation may not meet this formidable standard. *See Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 717, 719 (2007); *see also Aladdin's Castle, Inc.*, 455 U.S. at 288–89 (1982) (cessation of ordinance over four years prior to judicial decision did not render case moot because city retained power to reenact the same ordinance language); *cf. Fikre*, 601 U.S. at 243.

## ARGUMENT

This Court's show cause order identifies three events as possibly rendering the case moot: (1) the ruling in the Eastern District of Kentucky case; (2) the Dear Colleague Letter issued by the DOE, and (3) the stipulation of dismissal of Defendants' appeal of this Court's order granting a preliminary injunction. None of these events, individually or collectively, renders this case moot. Each will be addressed individually.

2

The ruling in the Eastern District of Kentucky is not final; prospective intervenors have filed a protective notice of appeal, and the case remains pending before the United States Court of Appeals for the Sixth Circuit. Until and unless that case becomes final, Plaintiffs are not so much as assured of the Final Rule's vacatur. Also, the effect of another court's vacatur order on Plaintiffs in a case where they are not parties is by no means undisputed. As for the Dear Colleague Letter issued by DOE, it is not binding law. It can be reversed as easily as it was issued. Finally, the stipulation of dismissal pertained only to an appeal from the grant of a preliminary injunction, which is subject to a different standard than the pending motions for summary judgment.

## I. Eastern District of Kentucky Proceedings

A judgment does not become final until "after all appeals [are] exhausted." *United States v. Anglin & Stevenson*, 145 F.2d 622, 626 (10th Cir. 1944); *see also Lexos Media IP, LLC v. Overstock.com, Inc.*, Case No. 2:22-cv-02324, 2024 U.S. Dist. LEXIS 76476, at *8 (D. Kan. Apr. 25, 2024) ("[A]ny dispositive decision . . . would not be final until all appeals have been exhausted."). The decision by the Eastern District of Kentucky in *Tennessee v. Cardona*, No. 2:24-072-DCR, 2025 U.S. Dist. LEXIS 6197 (E.D. Ky. Jan. 9, 2025), to vacate the Final Rule is not itself final. Although the government did not file an appeal, two parties moved to intervene in the district court. Motion to Intervene by Victims Right Law Center, *Tennessee v. Cardona*, No. 2:24-072-DCR (E.D. Ky. Feb. 28, 2025), ECF No. 164; Motion to Intervene by A Better Balance, *Tennessee v. Cardona*, No. 2:24-072-DCR (E.D. Ky. Feb. 26, 2025), ECF No. 152. These prospective intervenors have filed protective notices of appeal. *See Tennessee v. McMahon*, No. 25-5206 (6th Cir. Mar. 12, 2025); *Tennessee v. McMahon*, No. 25-5205 (6th Cir. Mar. 12, 2025); *see also Mausolf v. Babbitt*, 125 F.3d 661, 666 (8th Cir. 1997) (recognizing a prospective intervenor's ability to file a protective notice of appeal). The district court had not ruled on the motions to intervene at the time the proposed interveners noticed their appeal. And the question of intervention is before the Sixth Circuit. *See Tennessee v. Cardona*, No. 2:24-072-DCR, Order (E.D. Ky. Mar. 14, 2025), ECF No. 185 (denying

3

motions to intervene for lack of jurisdiction and leaving issue for Sixth Circuit). The Sixth Circuit has yet to rule on the interventions.

Finding this case moot because of the Eastern District of Kentucky's ruling would involve speculation about how the Sixth Circuit will rule. No one knows if the Sixth Circuit will permit intervention or how it will rule on the merits if it does. If the Sixth Circuit permits intervention, the resulting appeal could result in the reinstatement of portions of the Final Rule this Court has preliminarily enjoined and which Plaintiffs challenge in this litigation.[1] Also, defenders of the Final Rule could argue that the issuance of the mandate is a final agency action and initiate an independent action challenging the failure to defend the rule. *See Arizona v. City & Cnty of San Francisco*, 596 U.S. 763, 765 (2022) *dismissed as improvidently granted* (Roberts, C.J., concurring) (noting the "important questions" when government changes its position and acquiesces to lower court rulings vacating a rule and implementing a new rule to avoid notice and comment). It is anything but "absolutely clear" that enforcement of the Final Rule "could not reasonably be expected to recur." *Lackey*, 145 S. Ct. at 669 (quoting *Buckhannon Bd. & Care Home*, 532 U.S. at 608). Accordingly, the non-final judgment in the Eastern District of Kentucky does not moot this case.[2]

---

[1] Plaintiffs further observe that, while they believe the vacatur ordered by the Eastern District of Kentucky was proper, there is debate over the availability of nationwide relief. This is not limited to the context of preliminary injunctions. The federal government has maintained in this case and others that any final relief must be limited to the parties. *See, e.g.*, Gov't Reply Br., ECF No. 97 at 27 ("[V]acatur or a universal injunction is inappropriate where party-specific relief, such as a more limited injunction, would redress Plaintiffs' injuries while avoiding the negative aspects of overbroad universal remedies, such as affecting 'nonparties who may not wish to receive the benefit of the court's decision.'" (quoting *United States v. Texas*, 599 U.S. 670, 703 (2023) (Gorsuch, J., concurring))). So, it is not "absolutely clear," *Friends of the Earth, Inc.*, 528 U.S. at 189, that the scope of relief granted by the Eastern District of Kentucky will extend to Plaintiffs.

[2] In the other case in which a district court vacated the Final Rule, one of the same interest groups involved in the Sixth Circuit appeal has also filed a motion to intervene for purposes of appealing the vacatur. *See* Motion to Intervene by A Better Balance, *Carroll Ind. Sch. Dist. v. U.S. Dep't of Educ.*, No. 4:24-cv-461 (N.D. Tex. Mar. 26, 2025), ECF No. 91. So, it appears that this group is pursuing every available appellate avenue to reverse the vacatur of the Final Rule and is preventing any judgments vacating the Final Rule from becoming final.

## II. Dear Colleague Letter

The Dear Colleague Letter is a textbook instance of voluntary cessation and why demonstrates voluntary action does ordinarily not trigger mootness. The Letter is not binding law. It does not assure Plaintiffs of the relief they seek. Nor does it permit them any recourse should DOE reverse course.

When considering instances of voluntary cessation, the Tenth Circuit has long distinguished between instances where the challenged conduct becomes moot through the "normal course of events," and those instances arising because of "the unilateral action of the defendant." *O'Connor v. Washburn Univ.*, 416 F.3d 1216, 1222 (10th Cir. 2005). The Dear Colleague Letter is unilateral action of one defendant and, therefore, cannot moot this case.

To fully understand why, it is important to understand what a "dear colleague" letter is. It is merely agency guidance that can be reversed again; it is not even final agency action. *Cf. We the Patriots, Inc. v. Grisham*, 119 F.4th 1253, 1256, n. 2 (10th Cir. 2024) (decision not to renew challenged executive order did not moot the case because it did not acknowledge the order was unconstitutional or provide assurance that it would not be reissued). The Letter did not acknowledge that the Final Rule was unconstitutional. It just acknowledged the Eastern District of Kentucky's non-final ruling as its basis. Furthermore, the Dear Colleague Letter did not undergo the notice and comment process which would at least make it a formal, binding regulation and demand a comparable process to reverse. In the related Individuals with Disabilities Education Act (IDEA) context, a "dear colleague" letter issued outside the notice and comment process amounts to "informal guidance and is not legally binding." 20 U.S.C. § 1406(e)(1); *see also J.M. v. Matayoshi*, 729 F. App'x 585, 586 (9th Cir. 2018) (unpublished). Thus, these letters "are not formal regulations, and they otherwise lack the force of law." *C.C. v. Paradise High Sch.*, No. 2:16-cv-02210-KJM-DMC, 2019 U.S. Dist. LEXIS 200827, at *14 (E.D. Cal. Nov. 18, 2019). At best, the letters are "merely aspirational." *J.M. v. Dep't of Educ.*, 224 F. Supp. 3d 1081, 1086 (D. Hawaii 2016). They may, or may not, be indicative of future rules that DOE might promulgate through the formal rulemaking process.

Outside of the IDEA context, courts have recognized the "nonbinding" nature of DOE guidance. *See ServJustice Inc. v. Devos*, Case No. 18-cv-00535-JSC, 2018 U.S. Dist. LEXIS 169485, at *33–34 (N.D. Cal. Oct. 1, 2018) (describing 2017 Guidance on Title IX as "not binding" and stating, "if a school is in compliance with Title IX and its regulations, it need not change its policies in response to the 2017 Guidance"); *Doe v. Baylor Univ.*, No. 6:16-cv-173-RP, 2018 U.S. Dist. LEXIS 248762, at *10 (W.D. Tex. May 6, 2018) (describing Dear Colleague Letter on FERPA as "not binding"). In the 2020 Title IX regulations that the Dear Colleague Letter expressly mentions, DOE recognized that its guidance in dear colleague letters "is not legally enforceable," and "non-binding" and that it must engage in "rulemaking to arrive at legally binding regulations addressing [Title IX sexual harassment]." Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 85 Fed. Reg. 30026, 30029 (May 19, 2020).[3] Consistent with this understanding, DOE has gone so far as to argue that dear colleague letters "are legally irrelevant." *Navient Sols., LLC v. Dep't of Educ.*, 646 F. Supp. 3d 705, 726 n.8 (2022). As it stands, DOE could change its position in an instant again, and Plaintiffs would have nothing to shield them. Only a final judgment from this Court can protect Plaintiffs and clarify their legal obligations.

DOE's non-enforcement of the Final Rule also fails to protect Plaintiffs from schools that would continue to construe the Rule as binding and the Letter as advisory. Schools and universities subject to Title IX are under no clear obligation to change their Title IX policies in response to the Dear Colleague Letter. Absent a final judgment by a court, a K-12 school or a college attended by a member of one of the Plaintiff Organizations can still advance a colorable argument that, despite the Dear Colleague Letter, Title IX requires it to adopt a policy in accord with the Final Rule.

Finally, if "dear colleague" letters were of some persuasive value because they represent an agency's interpretation of a statute Congress tasked it with implementing, that value was necessarily greatly

---

[3] Notably, DOE advanced this position during President Donald Trump's first term in office.

diminished with the end of *Chevron*[4] deference in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412–13 (2024). A central aspect of this case is whether "sex," discrimination for purposes of Title IX, includes discrimination based on "transgender" status. Yet were a court to conclude that "sex" as used in Title IX is ambiguous, it would no longer be obliged to defer to the Dear Colleague Letter recently issued by DOE. By contrast, a final judgment by this Court holding that "sex" discrimination in Title IX means discrimination based on biological sex and not based on "transgender" status would provide lasting and definitive relief to Plaintiffs. Accordingly, this Court remains able to provide Plaintiffs with more relief than offered by the Dear Colleague Letter. Therefore, the Dear Colleague Letter does not moot this case. *See Chafin*, 568 U.S. at 172.

### III. Stipulation of Dismissal of Appeal

Finally, this Court's order refers to the stipulation of dismissal of Defendants' appeal from the order granting a preliminary injunction. But Defendants' dismissal of the appeal of the preliminary injunction order does not mean that it is "absolutely clear" that the controversy is over, *Friends of the Earth, Inc.*, 528 U.S. at 189, just that Defendants no longer wish to rush an appeal of a preliminary injunction forward.

The standard governing a preliminary injunction is quite different from the standard governing a merits analysis at the summary judgment stage. A defendant may choose not to appeal a preliminary injunction for any number of reasons that do not necessarily reflect its position regarding the merits of the litigation. If DOE has taken a position about the legality of all or part of the Final Rule in any court proceeding, Plaintiffs are unaware. Nothing in the stipulation of dismissal indicates that Defendants believed the case is moot. From Plaintiffs' perspective, quite the opposite is true as they agreed to the stipulation of dismissal in part to promptly and return the case to this Court and hasten the issuance of a ruling on the pending motions for summary judgment. A conclusion of mootness would, at most, involve speculation about the Defendants' motives regarding its decision to abandon appeal.

---

[4] *Chevron, U.S.A, Inc. v. NRDC, Inc.*, 467 U.S. 837 (1984).

7

IV.     Summation

None of the events individually or collectively renders this case moot because it is not impossible for this Court to grant Plaintiffs "any effectual relief whatever." *Chafin*, 568 U.S. at 172 (quoting *Knox*, 567 U.S. at 307). As it stands, Plaintiffs can obtain meaningful and lasting relief through this litigation that is not certain to occur absent a favorable ruling by this Court. At present, the Final Rule remains on the books. DOE has taken no steps to legally commit itself, or a future DOE under a different administration, from not enforcing the Final Rule.[5] Finally, no other court with a pending challenge or appeal involving the Final Rule has raised mootness concerns, much less dismissed a case as moot. *See Louisiana v. Dep't of Educ.*, Case No. 3:24-cv-563 (W.D. La.); *Alabama v. Cardona*, Case No. 7:24-cv-533 (N.D. Ala.); *Alabama v. Sec. of Educ.*, No. 24-12444 (11th Cir.); *Texas v. United States*, Case No. 2:24-cv-86 (N.D. Tex.); *Texas v. United States*, No. 24-10832 (5th Cir.).

---

[5] Alternatively, the Court has suggested the possibility of denying the pending motions for summary judgment without prejudice to refiling. While Plaintiffs contend the motions are ripe and justiciable for disposition, if the Court is concerned about the extent to which the briefing represents Defendants' current position, this approach would address that concern while allowing the parties an opportunity to reach a settlement that allows Plaintiffs to obtain binding relief through a consent decrees, as opposed to the contingent or temporary relief currently available. However, this is not a preferred outcome and may end up consuming additional judicial resources.

8

## CONCLUSION

None of the three events identified by this Court's order renders the litigation moot. Rather, this Court should apply the formidable standard for mootness and conclude that Plaintiffs maintain a path to obtain meaningful relief.

<div style="display: flex;">
<div>

TREG TAYLOR
Attorney General of Alaska

/s/ Cori Mills
Cori Mills**
Deputy Attorney General
ALASKA DEPARTMENT OF LAW
1031 West 4th Avenue, Suite 200
Anchorage, Alaska 99501-1994
(907) 465-4239
(515) 281-4209 (fax)
cori.mills@alaska.gov

*Counsel for Plaintiff State of Alaska*

</div>
<div>

KRIS W. KOBACH
Attorney General of Kansas

/s/ James Rodriguez
James Rodriguez
Assistant Attorney General
Kansas Bar No. 29172
Memorial Building, 2nd Floor
120 SW 10th Avenue
Topeka, Kansas 66612-1597
Phone: (785) 296-7109
Fax: (785) 291-3767
Email: jay.rodriguez@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

/s/ Jordan R. Miller
Kimberly S. Hermann*
Ga. Bar No. 646473
Braden H. Boucek*
Tenn. BPR No. 021399 Ga. Bar No. 396831
Jordan R. Miller*
Michigan Bar No. P81467
SOUTHEASTERN LEGAL FOUNDATION
560 W. Crossville Road, Suite 104
Roswell, GA 30075
Tel: (770) 977-2131
khermann@southeasternlegal.org
bboucek@southeasternlegal.org
jmiller@southeasternlegal.org

*Counsel for Plaintiffs Young America's Foundation and Moms for Liberty*

</div>
</div>

| | |
|---|---|
| SEAN REYES<br>Attorney General of Utah<br><br>*/s/ Lance F. Sorenson*<br>Lance F. Sorenson*<br>Assistant Utah Attorney General<br>UTAH ATTORNEY GENERAL<br>160 East 300 South, 5th Floor<br>Salt Lake City, Utah 84114<br>(801) 366-0100<br>lancesorenson@agutah.gov<br><br>*Counsel for Plaintiff State of Utah* | */s/ William E. Trachman*<br>William E. Trachman*<br>James L. Kerwin*<br>MOUNTAIN STATES LEGAL FOUNDATION<br>2596 South Lewis Way<br>Lakewood, CO 80227<br>Phone: (303) 292-2021<br>wtrachman@mslegal.org<br>jkerwin@mslegal.org<br><br>*Counsel for Plaintiffs Moms for Liberty and Young America's Foundation* |

BRIDGET HILL
Attorney General of Wyoming

/s/ Ryan Schelhaas
Ryan Schelhaas*
Chief Deputy Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
(307) 777-5786 Direct line
(307) 777-6869 Fax
ryan.schelhaas@wyo.gov

*Counsel for Plaintiff State of Wyoming*

/s/ Tyson C. Langhofer
Tyson C. Langhofer
Kansas Bar No. 19241
Rachel A. Rouleau*
Virginia Bar No. 97783
Alliance Defending Freedom
44180 Riverside Parkway
Lansdowne, Virginia 20176
(571) 707-2119
(571) 707-4790 Fax
tlanghofer@ADFlegal.org
rrouleau@ADFlegal.org

Jonathan A. Scruggs*
Arizona Bar No. 030505
Henry W. Frampton, IV*
South Carolina Bar No. 75314
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020
(480) 444-0028 Fax
jscruggs@ADFlegal.org
hframpton@ADFlegal.org

Natalie D. Thompson*
TX Bar No. 24088529
Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
(202) 347-3622 Fax
nthompson@ADFlegal.org

*Counsel for Plaintiffs K.R. and FAU*

*Pro Hac Vice

CERTIFICATE OF SERVICE

This is to certify that on this the 26th day of March 2025, this motion was electronically filed with the Clerk of the Court by using the CM/ECF system with electronic service to all counsel.

/s/ *James Rodriguez*
James Rodriguez