### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

STATE OF KANSAS *et al.*,

    *Plaintiffs*,

v.

UNITED STATES DEPARTMENT OF EDUCATION *et al.*,

    *Defendants*.

No. 24-4041-JWB

### **DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE**

Defendants, through undersigned counsel, respectfully submit this response to the Court's order directing the parties to show cause "why this action should not be dismissed as moot or, at a minimum, why the pending motions should not be denied without prejudice to refiling." ECF No. 106 at 2. As explained below, this action is not technically moot, and therefore dismissal on that basis is not appropriate at this time. However, Defendants have no objection to the Court's denying the pending cross-motions without prejudice to refiling.

1. This case is one of many suits challenging the Department of Education's 2024 Title IX Final Rule (the "Rule").

2. On July 2, 2024, the Court preliminarily enjoined enforcement of the Rule. ECF No. 54. On July 10, 2024, Defendants filed a notice of appeal from that decision. ECF No. 58.

3. While the appeal from the preliminary injunction was pending, Plaintiffs filed a motion for summary judgment and Defendants filed a cross-motion for judgment on the administrative record. ECF Nos. 78, 89. Those motions were fully briefed as of October 24, 2024.

4. On January 9, 2025, the United States District Court for the Eastern District of Kentucky issued a decision in *Tennessee v. Cardona*, vacating the Rule in its entirety. Mem. Op.

1

& Order, *Tennessee v. Cardona*, No. 2:24-072-DCR (E.D. Ky. Jan. 9, 2025), ECF No. 143. Any notice of appeal from that decision was due by March 10, 2025. Defendants did not appeal the *Tennessee* court's decision vacating the Rule.

5.      However, prior to the appeal deadline in the *Tennessee* case, two sets of prospective intervenors filed motions to intervene in that litigation for the purpose of defending certain portions of the Rule on appeal. The *Tennessee* court did not act on either intervention motion prior to the appeal deadline, and the prospective intervenors filed notices of appeal to the United States Court of Appeals for the Sixth Circuit. *See Tennessee*, ECF Nos. 181, 182 (Notices of Appeal); *Tennessee*, ECF Nos. 183, 184 (USCA Numbers).[1]

6.      On March 14, 2025, the Tennessee district court denied the motions to intervene as moot, reasoning that it lost jurisdiction over the motions after the prospective intervenors filed their notices of appeal. Order, *Tennessee v. Cardona*, vacating the Rule in its entirety. Mem. Op. & Order, *Tennessee v. Cardona*, No. 2:24-072-DCR (E.D. Ky. Mar. 14, 2025), ECF No. 185.

7.      On March 19, 2025, the prospective intervenors in the *Tennessee* litigation filed motions asking the Sixth Circuit to remand the case to the district court for rulings on the merits on their intervention motions. The Sixth Circuit has not yet decided the motions to remand, and the prospective intervenors' appeals remain pending.

8.      Because the *Tennessee* case is not fully resolved, there is still a possibility that the district court's vacatur will be at least partially reversed, including with respect to at least one provision of the Rule at issue in this case. Accordingly, this case is not technically moot, and

---

[1] In another case in which a district court vacated the Rule, *see* Order, *Carroll Ind. Sch. Dist. v. U.S. Dep't of Educ.*, No. 4:24-cv-00461-O (N.D. Tex. Feb. 19, 2025), ECF No. 86, one of the proposed *Tennessee* intervenors also has filed a motion to intervene. *See* Proposed Intervenor-Defendant A Better Balance's Mot. to Intervene and Br. in Supp., *Carroll Ind. Sch. Dist. v. U.S. Dep't of Educ.*, No. 4:24-cv-00461-O ECF (N.D. Tex. Mar. 25, 205), ECF No. 91.

Defendants do not believe that dismissal on that basis would be appropriate at this time.

9. Defendants note, however, that while this case is not technically moot, it still may become moot, and in the meantime the Rule remains vacated and unenforceable. Thus, in Defendants' view, there is no need to move forward with this litigation at this time, and Defendants do not object to denial of the pending cross-motions without prejudice to refiling.

Dated: March 26, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

ELIZABETH TULIS
Assistant Branch Director

*/s/ Pardis Gheibi*

PARDIS GHEIBI
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: 202-305-3246
Email: pardis.gheibi@usdoj.gov

*Counsel for Defendants*