IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
TOPEKA DIVISION

| | |
|---|---|
| STATE OF KANSAS, *ET AL.*, | § |
| | § |
| *Plaintiffs*, | § |
| | § |
| v. | § Civil Action No. 24-4041-JWB |
| | § |
| UNITED STATES DEPARTMENT OF | § |
| EDUCATION, *ET AL.* | § |
| | § |
| *Defendants.* | § |

### JOINT STATUS REPORT

On March 21, 2025, this Court issued an Order to Show Cause, asking why the action was not moot or why, at a minimum, the pending motions for judgment should not be denied without prejudice to refiling. *See* ECF No. 106. The parties responded, independently agreeing that the action was not moot. Although two district courts had ordered the Final Rule titled Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 89 Fed. Reg. 33474 (Apr. 29, 2024), vacated, third parties moved to intervene in both cases. *See* Motion to Intervene by A Better Balance, *Carroll Indep. Sch. Dist. v. U.S. Dep't of Educ.*, No. 4:24-cv-461 (N.D. Tex. Mar. 26, 2025), ECF No. 91; Motion to Intervene by Victims Right Law Center, *Tennessee v. Cardona*, No. 2:24-072-DCR (E.D. Ky. Feb. 28, 2025), ECF No. 164; Motion to Intervene by A Better Balance, *Tennessee v. Cardona*, No. 2:24-072-DCR (E.D. Ky. Feb. 26, 2025), ECF No. 152. The parties explained that the presence of prospective intervenors meant that the claims in this suit are not yet moot. The proposed intervenors opened the possibility that Plaintiffs might obtain relief from this Court exceeding the relief ultimately granted in either the *Carroll Independent School District* case or the *Tennessee* case. This Court issued a text order denying the pending motions for judgment without

prejudice to refiling and directing the parties to file a joint status report by June 25, 2025. ECF No. 109. The parties now come forth and submit their joint status report.

1. The Final Rule has been vacated in its entirety by two district courts following summary judgment briefing. *See* Mem. Op. *Tennessee v. Cardona*, No. 2:24-072-DCR (E.D. Ky. Jan. 9, 2025), ECF No. 143; *see* Order, *Carroll Ind. Sch. Dist. v. U.S. Dep't of Educ.*, No. 4:24-cv-00461-O (N.D. Tex. Feb. 19, 2025), ECF No. 86. Although the Government has not appealed the judgment in either case, third parties sought to intervene in both suits to seek partial reversal of the district court orders. Since this Court's last order, there has been no material change in the status of either the *Tennessee* or *Carroll ISD* cases relative to the mootness of the action before this Court.

2. In the *Tennessee v. Cardona* case, the district court denied the motions to intervene as moot, reasoning that it lost jurisdiction over the motions after the prospective intervenors filed their notices of appeal. *See* Order, *Tennessee v. Cardona*, No. 2:24-072-DCR (E.D. Ky. Mar. 14, 2025), ECF No. 185. The proposed intervenors' appeals to the United States Court of Appeals for the Sixth Circuit remain pending. *See Tennessee v. McMahon*, No. 25-05205 (6th Cir. Mar. 12, 2025) (appeal by Victims Rights Law Center); *Tennessee v. McMahon*, No. 25-05206 (6th Cir. Mar. 12, 2025) (appeal by A Better Balance). Their motions on appeal for a remand to the district court for a ruling on the merits of their motions to intervene remain pending as well. *See* Appellants Victim Rights Law Center and Jane Doe's Motion for Remand, *Tennessee v. McMahon*, No. 25-05205 (6th Cir. Mar. 17, 2025); Appellant A Better Balance's Motion for Remand, *Tennessee v. McMahon*, No. 25-05206 (6th Cir. Mar. 17, 2025).

3. In the *Carroll ISD* case, the district court, on May 15, 2025, issued an order denying the motions to intervene by Victims Rights Law Center and A Better Balance. *Carroll Indep. Sch. Dist. v. U.S. Dep't of Educ.*, No. 4:24-cv-461 (N.D. Tex. May. 15, 2025), ECF No. 154. Both proposed

intervenors, however, filed notices of interlocutory appeals to the United States Court of Appeals for the Fifth Circuit from both the order denying intervention and the district court's earlier order vacating the Final Rule. *See id.* at ECF Nos. 155, 156 (N.D. Tex. May 21, 2025). The proposed intervenors' appeal remains pending before the Fifth Circuit. *See Carroll Indep. Sch. Dist. v. U.S. Dep't of Educ.*, No. 25-10651 (5th Cir. May 27, 2025).

4. The parties submit to this Court that, for the reasons discussed at more length in their responses to the Court's Order to Show Cause, this action is not yet moot. *See* ECF No. 107-108. Plaintiffs contend that the Court continues to have Article III jurisdiction over the case and the case remains ripe for this Court to permit the parties to recommence summary judgment proceedings and to issue a final ruling regarding the merits of Plaintiffs' claims and the validity of the Final Rule.[1] Nonetheless, the parties have conferred and jointly agree to a stay of this action pending resolution of the intervenors' appeals before the Fifth and/or Sixth Circuits. The parties are further in agreement that they will file a status report with the Court within thirty days of an order resolving either of the intervenors' appeals.

Respectfully submitted,

KRIS W. KOBACH
Attorney General of Kansas

*/s/ Anthony J. Powell*
Anthony J. Powell
Solicitor General
Kansas Bar No. 14981
Memorial Building, 2nd Floor
120 SW 10th Avenue
Topeka, Kansas 66612-1597
Phone: (785) 368-8539
Fax: (785) 296-3131
Email: Anthony.Powell@ag.ks.gov

---

[1] Defendants do no concede Article III jurisdiction or ripeness.

/s/ *Jordan R. Miller*
Kimberly S. Hermann*
Ga. Bar No. 646473
Braden H. Boucek*
Tenn. BPR No. 021399
Ga. Bar No. 396831
Jordan R. Miller*
Michigan Bar No. P81467
SOUTHEASTERN LEGAL FOUNDATION
560 W. Crossville Road, Suite 104
Roswell, GA 30075
Tel: (770) 977-2131
khermann@southeasternlegal.org
bboucek@southeasternlegal.org
jmiller@southeasternlegal.org

*Counsel for Plaintiffs Young America's Foundation and Moms for Liberty*


*Pro Hac Vice


/s/ Tyson C. Langhofer
Jonathan A. Scruggs*
Arizona Bar No. 030505
Henry W. Frampton, IV*
South Carolina Bar No. 75314
Alliance Defending Freedom
jscruggs@ADFlegal.org
hframpton@ADFlegal.org

Tyson C. Langhofer
Kansas Bar No. 19241
Rachel A. Rouleau*
Virginia Bar No. 97783
Alliance Defending Freedom
44180 Riverside Parkway
Lansdowne, Virginia 20176
(571) 707-2119
(571) 70-4790 Fax
tlanghofer@ADFlegal.org
rrouleau@ADFlegal.org

Natalie D. Thompson*
TX Bar No. 24088529
Alliance Defending Freedom
440 First Street NW, Suite 600

Washington, DC 20001
(202) 393-8690
(202) 347-3622 Fax
nthompson@ADFlegal.org

*Counsel for Plaintiffs K.R. and FAU*
\* Pro Hac Vice


BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DIANE KELLEHER
Assistant Branch Director

*Pardis Gheibi*
PARDIS GHEIBI
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: 202-305-3246
E-mail: pardis.gheibi@usdoj.gov

*Counsel for Defendants*

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on this the 25th day of June 2025, this motion was electronically filed with the Clerk of the Court by using the CM/ECF system with electronic service to all counsel.

<u>/s/ <i>Pardis Gheibi</i></u><br>
Pardis Gheibi